IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Antonio Andrews, | ) | Case No. 5:20-cv-02233-DCC |
|                Petitioner, | ) | |
| v. | ) | **ORDER** |
| Nannette Barnes, | ) | |
|                Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On November 16, 2020, Respondent filed a Motion to Dismiss. ECF No. 21. Petitioner filed a response in opposition. ECF No. 35. On February 25, 2021, the Magistrate Judge issued a Report recommending that the Motion be granted and the petition be denied without prejudice. ECF No. 39. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 42.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

1

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

Petitioner indicates that he is challenging his sentence and conviction in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019); in Petitioner's supplemental Petition, he raises additional grounds including ineffective assistance of counsel, Due Process violations, and a Sixth Amendment violation. ECF Nos. 1; 1-2. The Magistrate Judge recommends dismissal because this Court lacks subject matter jurisdiction over Petitioner's § 2241 Petition because he cannot show that 28 U.S.C. § 2255 is inadequate to test the legality of his conviction and sentence. ECF No. 39. Petitioner objects and argues, inter alia, that he is actually innocent.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*,

617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997)). A petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Accordingly, a petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Out of an abundance of caution for a pro se Petitioner, both the *Jones* test and *Wheeler* test will be addressed below. The Court finds that Petitioner cannot meet either test.

Petitioner fails to satisfy the criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34.

In the Fourth Circuit, a petitioner may also challenge his sentence if he can meet the § 2255 savings clause. In *U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit held that,

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Here, Petitioner cannot meet the requirements of the savings clause. Petitioner cannot meet the *Jones* test because he cannot show as a matter of law that *Rehaif* rendered his conduct not criminal. *Rehaif* only clarified what the government needs to prove to secure a conviction under 18 U.S.C. § 922(g), and possession of a firearm by a

4

felon remains illegal. *See Hoffman v. Brackon*, C/A No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (collecting district court cases in the Fourth Circuit finding that § 2241 petitioner could not meet the second element of the *Jones* test based on *Rehaif*). With respect to the *Wheeler* test, pursuant to Sixth Circuit precedent,[1] *Rehaif* did not announce a new rule that has been deemed to apply retroactively on collateral review. *Cooper v. United States*, No. 19-3645, 2019 WL 7494402, at *2 (6th Cir. Dec. 12, 2019) (denying certificate of appealability where appellant had not shown that *Rehaif* was retroactive on collateral review).

Turning to Petitioner's three grounds raised in his Supplemental Petition, ineffective assistance of counsel and the sentencing court's erroneous Armed Career Criminal Act ("ACCA") predicate finding,[2] Petitioner has failed to identify any substantive change in the law that occurred subsequent to the filing of his direct appeal and his first § 2255 motion that has deemed the conduct for which he was convicted—unlawful possession of a firearm by a convicted felon—to be non-criminal. *See In re Jones*, 226 F.3d at 333–34. He further fails to identify a substantive change in the law subsequent

---

[1] Petitioner was sentenced in the Western District of Michigan. ECF No. 1. Accordingly, the Court will consider the substantive law of the Sixth Circuit. *See Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019) (holding that a court evaluating claims under the savings clause is to look to the substantive law of the circuit where the petitioner was convicted).

[2] The issue of Petitioner's qualifying predicate offense is discussed in more detail *infra*.

to his direct appeal and first § 2255 motion that was deemed to apply retroactively on collateral review. See Wheeler, 886 F.3d at 429.

In his Response in Opposition to the Motion to Dismiss and objections, Petitioner argues that he is actually innocent. ECF Nos. 35 at 3–7; 42. However, the Fourth Circuit does not require an actual innocence analysis under the savings clause pursuant to Jones or Wheeler. Hahn v. Moseley, 931 F.3d 295, 303 (4th Cir. 2019) (citing In re Jones, 226 F.3d at 333–34); see also Wheeler, 886 F.3d at 429. To raise a claim of actual innocence under § 2241, Petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones or Wheeler requirements. In Bousley v. United States, 523 U.S. 614, 623 (1998), the Supreme Court held that to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Thus, a freestanding claim of actual innocence is not cognizable in a federal habeas corpus action. Martinez v. Coakly, C/A No. 2:16-cv-27, 2017 WL 460809, at *3 (N.D.W. Va. Feb. 2, 2017).

Moreover, even if the Court were to consider the merits of Petitioner's assertions, his arguments fail. To the extent he contends that he is actually innocent of the underlying state conviction which gave rise to the sentence enhancement, the Sixth Circuit has addressed this argument and found that Petitioner is not entitled to relief. See ECF Nos. 28-3 at 3–4 (ruling on his direct appeal and rejecting Petitioner's argument that his juvenile adjudication for assault with a dangerous weapon does not qualify as a predicate offense for under the ACCA); 28-9 (denying Petitioner's motion for leave to file a second or

successive § 2255 motion but finding that he had not made "a prima facie showing of entitlement to relief" as to his claim that "his juvenile conviction for assault with a dangerous weapon no longer qualifies as a violent felony under the ACCA"). Petitioner has identified no change in the substantive law since his § 2255 motion was resolved that would permit him to raise his claims under § 2241. *See In re Jones*, 226 F.3d at 333–34; *Wheeler*, 886 F.3d at 429.

To the extent Petitioner argues that he is actually innocent of being a felon in possession of a firearm due to a change in the law articulated by the Supreme Court in *Rehaif*, his argument also fails. Petitioner acknowledges that, at the time of the events that formed the basis of his federal charges, he knew that he was prohibited from possessing a firearm because of his prior felony conviction. ECF No. 1 at 2. He seems to argue that he is actually innocent of knowingly possessing the firearm because he was too intoxicated to be aware that he was handed a firearm. *Id*. However, this argument focuses on the wrong element of the offense.

In *Rehaif*, the Supreme Court held that to prove a violation of 18 U.S.C. § 922(g), the Government must establish both "that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct. at 2194. Here, Respondent acknowledges that *Rehaif*'s holding with respect to the knowledge-of-status element overruled Sixth Circuit precedent. ECF No. 28-1 at 10. However, the holding in *Rehaif* regarding the knowledge-of-*possession* element was a restatement of longstanding Sixth Circuit law. *See, e.g., United States v. Odom*, 13 F.3d

7

949, 961 (6th Cir. 1994) (describing knowledge of possession as one of the "essential elements" of an 18 U.S.C. § 922(g) offense).

Consistent with Sixth Circuit precedent both before and after *Rehaif*, the sentencing court charged the jury that the Government was required to prove beyond a reasonable doubt "that the defendant following this conviction knowingly possessed a firearm as specified in the indictment." ECF No. 28-4 at 8–9. In finding Petitioner guilty, the jury necessarily found this element to be proved beyond a reasonable doubt. Accordingly, Petitioner has not established that he is actually innocent.

Therefore, as Petitioner cannot meet the *Wheeler* test or the *Jones* test to show that § 2255 is inadequate or ineffective to test the legality of his sentence, this action is subject to dismissal for lack of jurisdiction. *See Rice*, 617 F.3d at 807 (holding that if a petitioner cannot meet the savings clause requirements then the § 2241 petition "must be dismissed for lack of jurisdiction"); *Wheeler*, 886 F.3d at 423 (holding that "the savings clause is a jurisdictional provision").

## CONCLUSION

Accordingly, upon de novo review of the record and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. The Motion to Dismiss [28] is **GRANTED** and the Petition is **DENIED** without prejudice. Petitioner's requests for appointment of counsel[3] and an evidentiary hearing are also **DENIED**.

---

[3] There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

May 18, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, . . . he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). A court may provide counsel for an indigent habeas applicant when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts discusses appointments of counsel where it is "necessary for effective utilization of discovery procedures." Rule 8(c) discusses counsel appointments "[i]f an evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989), but this Court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); see *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). The pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist warranting the appointment of counsel.